UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL BENSON,

      Movant,

                                  File No. 1:11-cv-368

v.

                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.

_____/

**O P I N I O N**

      This matter is before the Court on Movant Nathaniel Benson's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, his motion will be denied.

      Movant was indicted on May 8, 2007, on the following charge: conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine, 50 grams of cocaine base, and 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *United States v. Benson*, Case No. 1:07-CR-6-14 (W.D. Mich. Jan. 22, 2008; Dkt. No. 122, Second Sup. Indictment.) Movant was convicted by jury on October 9, 2007, and was sentenced on January 17, 2008, to 216 months' imprisonment followed by five years of supervised release. (1:07-CR-6-14, Dkt. No. 455, J. 1-3.) Movant appealed on January 24, 2008, and his conviction and sentence were affirmed on January 12, 2010. *United States v. Benson*, 591 F.3d 491 (6th Cir. 2010). Movant filed his timely § 2255

motion on April 12, 2011.  (Dkt. No. 1.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).  Non-constitutional errors are generally outside the scope of § 2255 relief.  *United States v. Cofield*,  233 F.3d 405, 407 (6th Cir. 2000).  A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504

(2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the proceedings, the judge may rely on his or her recollections. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that

counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In determining whether counsel's performance was deficient, the inquiry "must be highly deferential":

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Id.* at 689-90. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted)). A court may dispose of a claim if the defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Strickland*, 466 U.S. at 697. Because counsel is presumed to be competent, the burden rests on the movant to show a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 100-01 (1955)). Unless a movant can show specific errors made

by counsel which undermined the adversarial process, there is generally no basis for finding a Sixth Amendment violation. *Strickland*, 466 U.S. at 696-96.

"Strategic decisions" by counsel are viewed as "virtually unchallengeable." *Logan v. United States*, 434 F.3d 503, 510 n.1 (6th Cir. 2006). *Accord, United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994). A strategic decision requires the assessment and balancing of perceived benefits against perceived risks. *Kozinski*, 16 F.3d at 813. An allegation of "deficient performance" requires that a movant establish that counsel failed to make a specific motion or objection that would have succeeded, with no resultant tactical disadvantage. *See Northrop v. Trippett*, 265 F.3d 372 (6th Cir.2001), *cert. denied*, 535 U.S. 955 (2002). To establish prejudice, the movant must also show a reasonable probability that counsel's errors affected the outcome of the proceeding. *Strickland*, 466 U.S. at 691-96; s*ee also Donaldson v. United States*, 379 F. App'x 492, 493 (6th Cir. 2010) (failure to object does not constitute ineffective assistance unless it prejudiced the defendant).

Movant claims that Counsel was ineffective for: (1) failing to make objections and motions at trial, resulting in plain error review on appeal; (2) failing to seek a jury instruction regarding the buyer-seller rule; (3) failing to object to the response to an alleged jury question, resulting in constructive amendment of the indictment; (4) failing to object to the firearms enhancement at sentencing; and (5) failing to object to the use of prior drug convictions at sentencing. (Dkt. No. 1, Mot. to Vacate.) For the reasons that follow, Movant's claims will be denied.

**1. Failure to preserve objections at trial**

Movant first claims that Counsel was ineffective for failing to object to, among other things, the sufficiency of the evidence and the admission of co-conspirator statements at trial. (Dkt. No. 1, Mot. to Vacate 5-6.)  He claims that he was prejudiced because the failure to preserve objections for appeal required him to meet a higher standard of review on appeal. (Dkt. No. 1, Mot. to Vacate 5-6.)  Movant's Counsel avers that he did not make the objections listed in Movant's claims because there were no grounds upon which to object. (Dkt. No. 11, Aff. 1.)  Instead, Counsel employed a strategy of vigorous cross-examination with the goal of challenging the credibility of witnesses.  (Dkt. No. 11, Aff. 1.)  A lawyer does not perform deficiently or prejudice his or her client by failing to raise frivolous objections.  *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).  A frivolous objection, if made, does not alter the proceedings and the failure to make such a motion is not unreasonable.  *See Strickland*, 466 U.S. at 694.

Furthermore, failure to make a Rule 29 motion does not constitute ineffective assistance unless there is a reasonable probability that the motion would have been granted. *See United States v. Carter*, 355 F.3d 920, 924-25 (6th Cir. 2004). The legal standard for a Rule 29 motion is whether, after viewing the evidence in the light most favorable to the prosecution, any rational juror could find the elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Witness credibility may not be considered in the Rule 29 determination.  *Carter*, 355 F.3d at 925. Here, Movant

6

challenged the sufficiency of the evidence on direct appeal.  A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law.  *DuPont v. United States*, 76 F.3d 108 (6th Cir. 1996).  Movant has failed to make this showing.

Because no Rule 29 motion was made at trial, the appellate court reviewed Movant's claims for plain error and concluded that "the evidence was sufficient to conclude that Benson intended to join the conspiracy and his conviction was not a miscarriage of justice." *Benson*, 591 F.3d at 501.  The evidence was sufficient to withstand a Rule 29 motion. Movant has not shown how the result on appeal would have been any different under a lower standard of review.  *See Carter*, 355 F.3d at 924-25.  Counsel explained that he:

> did not believe there was a sound basis on which to claim that there was insufficient evidence. From a tactical perspective, it was discussed and agreed that if the jury were to acquit Mr. Benson, it would be because they did not believe the testimony that tied Mr. Benson to the conspiracy. The defense was a "reasonable doubt" defense. Testimony clearly came in tying Mr. Benson to the conspiracy. The question was whether or not the jury would believe those witnesses. Counsel believed that, based on the evidence that was admitted, such a motion would come close to being, if not actually being, frivolous.

(Dkt. No. 11, Aff. 2.)  Counsel cannot be ineffective for failing to file a Rule 29 motion that lacks merit. *See Carter*, 355 F.3d at 924.  Movant has failed to show that the motion would have been granted.  A baseless motion would not have affected the outcome of the proceedings and therefore Counsel was not unreasonable.

Likewise, Counsel was not ineffective for failing to preserve a challenge to the admission of co-conspirator testimony on appeal, thereby resulting in plain error review.  On

direct appeal, Movant argued that co-conspirator statements and direct testimony of his co-conspirators should not have been admitted at trial because "no corroborating independent evidence . . . supported a finding that he participated in the conspiracy." *Benson*, 591 F.3d at 502. The Sixth Circuit reasoned:

> In arguing his co-conspirators' testimonies should be excluded because a conspiracy had not yet been proved by independent evidence, Benson misconstrues the parameters of Rule 801(d)(2)(E) and the requirements of *Enright*. Further, Rule 801(d) does not apply to statements that are not considered hearsay, such as direct testimony by witnesses, including co-conspirators who testify as witnesses.
>
> * * *
>
> Further, Benson does not identify which statements, if any, made by his coconspirators should be considered hearsay.

*Id*. The court of appeals held that there was no prohibition against co-conspirator testimony; Movant has not identified any co-conspirator statements that were admitted in error. Accordingly, he fails to show any prejudice from the lack of an objection to this evidence. Because Counsel was not unreasonable for failing to make frivolous or meritless objections and motions, and because Movant has failed to show how the outcome would have been different, the claim is denied.

**2. Failure to request a buyer-seller instruction**

Movant next claims that Counsel was ineffective for failing to request a buyer-seller jury instruction. (Dkt. No. 1, Mot. to Vacate 7-8.) He claims that had such an instruction been requested and given, "the jury could have concluded that Alexander Humphry and I

8

were in a simple buyer-seller relationship,"[1] or that, if in a conspiracy, it was a different conspiracy than the one charged in the indictment. (Dkt. No. 1, Mot. to Vacate 7-8.) It was Counsel's belief that the buyer-seller instruction, however, would actually detract from the main theory of Movant's defense and bolster the fact that Movant did in fact purchase and possess illegal drugs. (Dkt. No. 11, Aff. 4.) Although, as Movant states, a mere "buyer-seller" relationship is not sufficient to establish conspiracy, "additional evidence beyond the mere purchase or sale of drugs, such as evidence of repeat purchases or some enduring arrangement that implies knowledge of the scope of the conspiracy may support a conspiracy conviction." *United States v. Layne*, 192 F.3d 556, 568 (6th Cir. 1999) (citations omitted).

A buyer-seller relationship refers to discrete, one time transactions in which a buyer pays cash at the time of delivery for the controlled substances or multiple controlled substance purchases which are for personal use – a typical street sale. In *Riggs v. United States*, 209 F.3d 828 (6th Cir. 2000), the Sixth Circuit rejected a claim of ineffective assistance of counsel for failing to request a buyer-seller instruction where "the judge has given a complete instruction reciting all the elements of conspiracy and requirements for

---

[1]"Sixth Circuit precedent describes the buyer-seller rule as follows: "it is generally held that a buyer-seller relationship is not alone sufficient to tie a buyer to a conspiracy, for mere sales do not prove the existence of the agreement that must exist for there to be a conspiracy. However, where there is additional evidence beyond the mere purchase or sale, from which knowledge of the conspiracy may be inferred, courts have upheld conspiracy convictions." *United States v. Anderson*, 89 F.3d 1306, 1310 (6th Cir. 1996) [internal citations omitted]. Further "[a] large volume of narcotics creates an inference of a conspiracy." *United States v. Bourjaily*, 781 F.2d 539, 545 (6th Cir. 1986). (*See also United States v. Nelson*, 238 Fed. Appx. 65, 71 (6th Cir. 2007))." (Dkt. No. 11, Aff. 3.)

membership in a conspiracy." *Id.* at 833. "Only in the absence of such a 'complete instruction' is a defendant entitled to a buyer-seller instruction." *United States v. Cook*, 13 F. App'x. 331, 337 (6th Cir. 2001).

Movant has not claimed that the Court did not properly instruct the jury on the elements of conspiracy and requirements for membership in a conspiracy. The record reflects that the Court properly instructed the jury on conspiracy. (1:07-CR-6-14, Dkt. No. 466, Trial Tr. V 972-76.) Therefore, Counsel could not have been ineffective for failing to request a buyer-seller instruction. Furthermore, Counsel submits that:

> [I]t was Counsel's belief that a request for an instruction on the buyer-seller rule would be futile and not well grounded in fact. Rather, Counsel's strategy was to attack the witnesses' credibility and advance the theory that Mr. Benson never possessed the cocaine, and thus was not part of the conspiracy. Counsel advanced this theory throughout his closing argument. (R. 466, Trial Transcript Volume 5, p. 929-948.) It was Counsel's belief that an instruction on the buyer-seller rule would actually detract from the theory and bolster the fact that Mr. Benson did purchase and possess the drugs.

(Dkt. No. 11, Aff. 4.) Counsel made reasonable strategic decision not to request a buyer-seller instruction, which is "virtually unchallengeable." *Logan*, 434 F.3d at 510 n.1. Because the jury was sufficiently instructed as to conspiracy and because Counsel was not objectively unreasonable for choosing not to request a buyer-seller instruction, the claim is denied.

**3. Failure to object to response to jury question**

Movant also claims that Counsel was ineffective for failing to object to the Court's response to a jury question that Movant claims resulted in the constructive amendment of the indictment. (Dkt. No. 1, Mot. to Vacate 11-13.) According to Movant, "the jury was

10

referred to the instructions that they had been given earlier." (Dkt. No. 1, Mot. to Vacate 12.)

He claims that "[t]he jury should have been instructed that they could only convict [him] for

the offense that was charged in the indictment." (Dkt. No. 1, Mot. to Vacate 12.) A

constructive amendment of the indictment:

> results when the terms of an indictment are in effect altered by the presentation
> of evidence and jury instructions which modify essential elements of the
> offense charged such that there is a substantial likelihood that the defendant
> may have been convicted of an offense other than the one charged in the
> indictment.

*United States v. Siemaszko*, 612 F.3d 450, 469-70 (6th Cir. 2010) (citing *United States v.*

*Kuehne*, 547 F.3d 667, 683-84 (6th Cir. 2008)). Movant's claim that the supplemental jury

instruction constitutes a constructive amendment of the indictment is without merit.

"To determine whether a constructive amendment has occurred [ . . . ] we review the

language of the indictment, the evidence presented at trial, the jury instructions and the

verdict forms utilized by the jury." *Kuehne*, 547 F.3d at 683-84. In giving supplemental

instructions, the court must take care to refrain from adding to the confusion or prejudicing

the defendant. *Nunez*, 889 F.2d at 1569 (stating that "rereading correct instructions that

covered the issue was less confusing than trying to frame an answer to the jury's specific

question."). Supplemental instructions must be viewed in light of the entire trial and

previous instructions. *See United States v. Lee*, 991 F.2d 343, 350 (6th Cir. 1993). "If the

issue that is the subject of an inquiry has been fully covered in the court's instructions, a

reference to or rereading of the instructions may suffice." *United States v. Nunez*, 889 F.2d

11

1564, 1569 (6th Cir. 1989). Because clear and accurate instructions had been given, and because the Court did not give the jury any *supplemental* instructions, the Court provided the only direction necessary to assist the jury in understanding the law. As Counsel notes, "[t]he trial transcript does not contain a question sent by the jury to Judge Bell." (Dkt. No. 11, Aff. 5.) In any event, the Court had previously instructed the jury that "the defendants are only on trial for the particular crimes charged in the indictment, not anything else." (1:07-CR-6-14, Dkt. No. 466, Trial Tr. V 971.) The jury was again reminded, at the conclusion of the instructions, that the defendants were only on trial for the particular crime charged in the indictment. (1:07-CR-6-14, Dkt. No. 466, Trial Tr. V 971.) Thus, if Movant is correct, the Court responded exactly in the manner now suggested by Movant, and he is unable to show any prejudice or ineffective assistance on this issue.

Movant also claims that his appellate counsel should have challenged the constructive amendment of the indictment on appeal. (Dkt. No. 1, Mot. to Vacate 12-13.) In order to show prejudice on appeal, Movant must show a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697. *See also Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004). Strategic choices by counsel do not rise to the level of a Sixth Amendment violation. *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). Movant must show that Counsel's actions were not supported

by a reasonable strategy and that the error was prejudicial.  *Massaro*, 538 U.S. at 501.

Because there was no constructive amendment of the indictment and because Movant has

failed to identify the alleged error in the Court's response to a possible jury question, Movant

has failed to show that Counsel was ineffective.  The claim is denied.

### 4. Failure to object to firearms enhancement

Movant next claims that Counsel was ineffective for failing to object to the two-level

firearms enhancement at sentencing.  (Dkt. No. 1, Mot. to Vacate 14-16.)  This claim is

meritless because Counsel did, in fact, object to the firearms enhancement, both in written

objections and at sentencing. (1:07-CR-6-14, Dkt. No. 442, Sent. Mem. 15-17; Dkt. No. 490,

Sent. Tr. 8-9.)  Furthermore, Movant appealed the firearms enhancement to the Sixth Circuit,

which affirmed its application.  *Benson*, 591 F.3d at 503-05.  Movant cannot show either that

Counsel was ineffective or that he was prejudiced on this issue, and the claim is denied.[2]

### 5. Failure to challenge use of prior drug convictions

Movant's final claim is that Counsel was ineffective for failing to challenge his

criminal history scoring at sentencing, based in part on the inclusion of prior drug offenses.

(Dkt. No. 1, Mot. to Vacate 16-17.)  He contends that Counsel "failed to make the Court

---

[2]Movant also makes a Second Amendment challenge to the firearms enhancement, citing *District of Columbia v. Heller*, 554 U.S. 570 (2008), which was decided while his case was on direct appeal. This argument lacks merit.  *See United States v. Jacobson*, 406 F. App'x 91, 92-93 (8th Cir. 2011) (citing cases); *United States v. Goodlow*, 389 F.App'x 961, 969 (11th Cir. 2010) ("There is no support in *Heller* for the invalidation of the firearm enhancement on the basis of the Second Amendment"); *United States v. Riley*, 359 F. App'x 402, 404 (4th Cir. 2010) (*Heller* had no effect on the guidelines enhancement).

aware that a conviction for simple possession of marijuana was suppose (sic) to have been expunged under the terms of a plea agreement" which allegedly resulted in an additional criminal history point, placing Movant in Category II rather than I.   (Dkt. No. 1, Mot. to Vacate 16-17.)  Movant further claims that Counsel was ineffective "for not moving for an adjustment to my Criminal History Category because it overstates my criminal history." (Dkt. No. 1, Mot. to Vacate 16-17.)  Counsel responds that Movant actually had two convictions for possession of marijuana and that, "under Michigan Law, . . . only one minor drug offense may be discharged pursuant to MCL 333.7411."  (Dkt. No. 11, Aff. 7.)  Furthermore, the marijuana conviction was never expunged, but even if it had been, Movant would have still received one Criminal History point for retail fraud, pursuant to U.S.S.G. § 4A1.1(c), and the "expunged" conviction would have been considered a "diversionary disposition" and included in the criminal history scoring.  (Dkt. No. 11, Aff. 8-9.)  The criminal history score, therefore, did not "overstate" his criminal history, and Movant is unable to show either that Counsel was unreasonable or that Movant was prejudiced by the failure to object to the calculations at sentencing.  Therefore, the claim is denied.

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

14

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability.  To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  For the reasons stated in this opinion, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong.  Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>December 1, 2011</u>                    <u>/s/ Robert Holmes Bell</u>
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE